UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>    Plaintiff,<br><br>vs.<br><br>IDOC STAFF HEALTH PROVIDERS,<br><br>    Defendants. | Case No. 1:21-cv-00023-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Maximiliano Sileoni was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff must file an amended complaint if he desires to proceed.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

# REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

To state an Eighth Amendment claim regarding prison medical care, a complaint must contain facts alleging that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will

have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A complaint alleging that a defendant acted with deliberate indifference requires factual allegations that show "both '(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Medical negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Rather, a constitutional tort requires the plaintiff show subjective deliberate indifference by bringing forward facts demonstrating that the defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm. *See Farmer*, 511 U.S. 835-38. Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The First Amendment Free Exercise Clause—applicable to the States through the Fourteenth Amendment's Due Process Clause—absolutely protects the right to believe in a religion. It does not, however, absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To serve as a basis for a viable claim challenging a prison restriction under the Free Exercise Clause, an inmate's belief must be both sincerely held and rooted in religious belief. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). However, *de minimis*—or minor—burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

Challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 125 (1977) (citation omitted). What constitutes a reasonable opportunity for religious exercise, therefore, must be evaluated within the context of a prison's need for security, among other legitimate goals. *O'Lone*, 482 U.S. at 350-53 (1987) (holding that a prison's policy of not allowing Muslim inmates on work detail to return to the prison to attend Jumu'ah, a group worship service, did not violate the Constitution).

As long as a restriction on an inmate's religious practice "is reasonably related to legitimate penological interests," that restriction is valid. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to be considered in this reasonableness inquiry include (1) whether there is a logical connection between the governmental interest and the particular policy or decision at issue; (2) whether "alternative means of exercising the right remain open to prison inmates"; (3) the impact that accommodating a prisoner's religious practice would have on "other inmates, on prison personnel, and on allocation of prison resources generally," *O'Lone*, 482 U.S. at 350-52 (internal quotation marks and alterations omitted); and (4) whether there is an absence of ready alternatives, which constitutes "evidence of the reasonableness of a prison regulation," *Turner*, 582 U.S. at 90.

## 2. Summary of Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner and frequent litigator in this Court. He brings vague allegations against various prison medical providers, as follows, in Plaintiff's own words:

- Did not provided circumcision surgery do to my Christianity belief and practice.
- Did not provided prostate surgery removal.
- Did not provide tunsil treatment or surgery.
- Did not provided fatty liver treatment cronic pain.
- Did not provided ear hearing aid and or treatment cronic pain.
- Did not provided lower left back treatment cronic pain lost of balance at time.
- Did not provided lung treatment cronic pain.
- Did not provided on both eyes do to black flotting spot any treatment or removing them.
- Did not provided treatment for rappied heart beat that cause cronic pain.
- Did not provided treatment for Pyeronies Desises.

*See* Dkt. 1, p. 5. There are also claims of right shoulder pain and a beeping sound in both ears that never goes away. See Dkt. 1.

Plaintiff cannot proceed on his claims because they contain no specifics regarding when he saw medical providers for the various conditions, whether he was actually diagnosed with the conditions, what treatment he was given or what explanation he was given if he was not treated, and what the current status of each condition is. Plaintiff

cannot simply file a CD of documents as "evidence" with a vague complaint. Importantly, for the medical care claims, he must provide factual allegations demonstrating that each defendant acted with deliberate indifference according to the standard set forth above. For the religious rights claim, he must provide allegations showing he has a sincerely held religious belief. The Court notes that he asserted a failure to provide circumcision surgery in Case No. 1:19-cv-00427-BLW, but asserted no religious basis for his claim. Finally, claims that are being litigated in Plaintiff's other actions should not be included in his amended complaint in this action.

According to the pleading standards, Plaintiff must give fair notice to the Defendants of the alleged violations of which he complains. They are not required to search through documents to try to ascertain Plaintiff's claims that are not clearly specified in the pleadings. Nor is the Court required to extrapolate plausible claims from exhibits in the screening process.[1]

The Court will permit Plaintiff to file an amended complaint that provides the "who, what, when, where, why, and how" of each claim against each defendant.

## ORDER

**IT IS ORDERED:**

1. Plaintiff cannot proceed on his current Complaint.

---

[1] "Judges are not like pigs, hunting for truffles buried in briefs [or exhibits]." *United States v. Dunkel*, 927 F.2d 955, 956 (9th Cir. 1991).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

2. Plaintiff may file an amended complaint, consistent with the guidelines above, within **28 days** after entry of this Order. Failure to do so will result in dismissal of his Complaint for failure to state a claim upon which relief can be granted.

3. Plaintiff's "Motion to Introduce Discovery as Evidence" (Dkt. 6) is GRANTED only to the extent that it is considered supporting documentation when an appropriate amended complaint is filed. As set forth above, a set of attachments is not a substitute for adhering to the pleading standards set forth above.

DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge