UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                    Plaintiff,<br><br>vs.<br><br>IDOC STAFF HEALTH PROVIDERS,<br><br>                    Defendant. | Case No. 1:21-cv-00023-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Earlier in this case, the Court required Plaintiff to file an amended complaint to clarify his claims. Dkt. 8. Plaintiff is a frequent prisoner filer who has accrued three strikes for filing civil rights cases in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). Plaintiff's cases that fit within the § 1915(g) prohibition are as follows:

- Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7. The appeal from dismissal was also determined to be frivolous (not counted separately here because the finding (October 14, 2021) was after the date Plaintiff filed the present suit). Dkt. 15.

- Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

- Case No. 20-cv-50002-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

- Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

- Case No. 20-cv-00557-DCN, *Sileoni v. Idaho Parole Board*, was dismissed for failure to state a claim on September 1, 2021. Dkt. 14.

- Case No. 21-cv-00006-BLW, *Sileoni v. Shelby*, was dismissed for failure to state a claim on November 5, 2021. Dkt. 12.

- Case No 21-cv-00038-DCN, *Sileoni v. IRS*, was dismissed for failure to state a claim on February 25, 2022. DKt. 14.

- Case No. 21-cv-00516-BLW, *Sileoni v. Attorney General*, was dismissed as frivolous on May 7, 2022.

The Court notes that Plaintiff's accrual of three strikes occurred after he filed the Complaint in this action, and, therefore this case is not being dismissed on that basis. The Court includes this information here only to show that Plaintiff has developed a habit of filing lawsuits without regard to whether he has already filed the same claims, whether the claims are frivolous, or whether claims fail to state a federal cause of action. As of today's date, he has filed 32 lawsuits in this Court.

Here, Plaintiff sues all prison medical providers who have treated him for any medical condition for the two years preceding the complaint, May 26, 2019 to May 26, 2021. However, Plaintiff has already filed multiple lawsuits—some still pending, some dismissed—regarding many of these same medical claims, encompassing many of the same time frames. The Court has repeatedly informed Plaintiff that he cannot pursue lawsuits containing the same claims. In this case, the Court ordered that "claims that are being litigated in Case Nos. 1:21-cv-499-BLW, and Plaintiff's other actions should not be included in his amended complaint in this action." Dkt. 8, p. 7.

Plaintiff's gall bladder, hernia, liver, and abdominal pain claims were litigated in Case No. 19-cv-00427-BLW; these claims were repeated in Case No. 21-cv-499-BLW (consolidated into 21-cv-007-BLW), and are also included in the amended complaint.

Plaintiff's chest pain claims and shortness of breath claims are being litigated in Case No. 21-cv-499-BLW (consolidated into 21-cv-007-BLW), and they are included here.

Blindness and blurry vision claims are being litigated in in Case No. 21-cv-499-BLW (consolidated into 21-cv-007-BLW), and they are included here.

After he included a circumcision claim in this case, he also asserted the same claim in 21-cv-242-DCN.

Plaintiff states that "I don't really care much if [some of the named defendants] "get remove[d] out of this amended complaint." Dkt. 9, p. 2. He also states "I want to ask the Court to please help me out in this area, I want to say that I can't keep on making multiple complaints against the same IDOC provider's nurses and their supervisor's." *Id*.

Plaintiff has filed 219 pages, consisting of an Amended Complaint and exhibits. It is he, not the Court, who must go through his claims *before* he files a new lawsuit, and determine whether his claims have already been adjudicated to completion and should not be brought again, or whether they are in the process of being adjudicated in another open case and should not be brought again. To bring the same claims over and over again is an abuse of the judicial system, given the Court's instructions that he cannot file duplicate actions in this Court. Plaintiff's cases take judicial staff time away from cases filed by other prisoners who do not abuse the judicial system.

Because the Amended Complaint filed in this action contains duplicate claims from the same time frames that are being or have been pursued in other actions in this Court in contravention to the Court's Successive Review Order, **IT IS ORDERED** that this case is DISMISSED without prejudice. The Court will not entertain any further requests for amendment in this case.

**IT IS FURTHER ORDERED** that, if Plaintiff desires to bring medical claims that are new (meaning they have not been brought is cases adjudicated to a completion, they are not the subject of pending litigation, and the medical condition is current and ongoing), he must use the attached complaint form and include only one medical condition per lawsuit. Each new lawsuit must be accompanied by an in forma pauperis application. Because his lawsuits will be filed after his three-strikes adjudication, he must show that the medical treatment Defendants are providing for his medical condition places him in "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

DATED: June 30, 2022

B. Lynn Winmill
U.S. District Court Judge